IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL C. GILBERT, II and JERRED WASHINGTON,

               Plaintiffs,

   v.

STATE OF WISCONSIN DEPARTMENT OF
HEALTH SERVICES,
SAND RIDGE SECURE TREATMENT CENTER,
ERIC KNAUTSON, DEBORAH MCCULLOUCH,
DOUG BELILLE, JASON SMITH, PAULA GILE,
ANGIE WESTER, GARY FOX, KIETH RAMSEY,
LORI FOX, DANIEL KATTENBRAKER,
KEITH NESS, LINDA HARRIS, ROBERT
KEEPKINS, VALERIE LITTY, KIM THOMSURE,
MARCUS HUBBARD, SCOTT WALKER, and
JOHN AND JANE DOES 1-80,

               Defendants.

OPINION & ORDER

16-cv-729-jdp

---

Plaintiffs Carl C. Gilbert II and Jerred Washington, both patients civilly committed at the Sand Ridge Secure Treatment Center under Wisconsin's sexually violent persons law, Wis. Stat. ch. 980, bring this civil complaint under 42 U.S.C. § 1983 alleging that that Sand Ridge staff members have violated their constitutional rights in several ways.

Gilbert has filed a motion for leave to proceed *in forma pauperis*. Washington has not, but I will assume that they both seek leave to proceed *in forma pauperis* with this case rather than prepay the $400 filing fee they would jointly owe if they do not qualify for *in forma pauperis* status. Because plaintiffs have trust fund accounts similar to those used by Wisconsin prisoners, it is this court's practice to have chapter 980 patients submit six months' worth of trust fund account data so that the court may calculate an initial partial payment of the filing fee. After

Gilbert submitted letters stating that he does not have the funds to obtain copies of his trust account statement, the court concluded that Gilbert likely had no means by which to prepay the filing fee or make an initial partial payment.

Washington has not submitted anything about his financial status, even after being prompted by the court, which not only makes it impossible to tell whether he should be granted *in forma pauperis* status, but also calls into question whether he wishes to continue litigating this case. I will give Washington a short time to submit a trust fund account statement or explain why he is unable to do so.

When plaintiffs proceed with a case *in forma pauperis*, the court must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. I would normally wait until plaintiffs' financial status is cleared up before screening the complaint. But because plaintiffs' complaint suffers from major problems, I will not wait for Washington's response before screening it.

The complaint suffers from problems similar to those in Gilbert's recent two cases in this court, case nos. 14-cv-427-jdp and 14-cv-466-jdp. Chief among these problems is that plaintiffs attempt to jam into the same lawsuit seemingly unrelated claims against far too many defendants. They include 17 named individuals and somewhere between 80 and 200 unidentified "John Doe" defendants.[1]

---

[1] The complaint's caption states that there are 80 Doe defendants, while the listing of "defendants" in the interior of the complaint states that there are 200 Does. The precise number of Doe defendants is not important at this point, but it is clear that plaintiffs seek to sue a very large number of Sand Ridge officials in this lawsuit.

Federal Rule of Civil Procedure 20 prohibits plaintiffs from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless plaintiffs assert at least one claim of relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). From plaintiffs' current allegations, I conclude that plaintiffs bring claims that likely belong in four different lawsuits.

- Lawsuit No. 1: Medical staff fails to properly treat Gilbert's chronic knee problems.

- Lawsuit No. 2: Facility officials prohibit "African-American music, movies," and other media, as well as media containing nudity or semi-nudity, and when plaintiffs complained about it, officials retaliated against them by giving them conduct reports, holding disciplinary hearings without due process, and placing them in segregation.

- Lawsuit No. 3: Officials give African American patients lower paying jobs and worse programming, and price gouge plaintiffs on commissary items.

- Lawsuit No. 4: Officials falsify conduct reports, medical records, and other documents to keep plaintiffs confined as Chapter 980 patients.

Plaintiffs attempt to tie together all of their claims by stating that "every claim in this complaint was and still is continually being done in bad faith by the defendants, with deliberate, intentional and callous racial motivations, retaliation, harassment." Dkt. 1, at 5. This type of vague allegation is not sufficient to combine plaintiffs' multiple lawsuits into one. *See Wine v. Thurmer*, No. 08-cv-72-bbc, 2008 WL 1777264, *6 (W.D. Wis. Apr. 16, 2008) ("A suit stuffed with allegations that the plaintiff has been subjected to a variety of constitutional violations without some hint of a basis for plaintiff's belief that a genuine conspiracy exists will not suffice to satisfy the requirements of Rule 20.").[2]

---

[2] Federal Rule of Civil Procedure 18(a) allows plaintiffs to join all of their claims against a

Plaintiffs may not proceed with all of these claims within this particular lawsuit. I will give them a short time to respond to this order by explaining which of the four potential lawsuits they wish to pursue under this case number, and whether they wish to pursue any of the remaining three lawsuits under new case numbers. If they choose to proceed with more than one lawsuit, they will owe more than one filing fee and more than one initial partial payment of the filing fee. Those payments will be figured out after plaintiffs respond with their financial information and their choice about which of the above-numbered lawsuits they wish to keep litigating. Once plaintiffs have made their choice, I will screen the individual complaints; further amendment under Rule 8 may be necessary at that time. When plaintiffs respond, they will *both* have to respond. Neither pro se plaintiff may represent the other; they must both sign their response explaining how they wish to proceed.

Gilbert has filed two other related motions, both of which I will deny. He states that facility staff is hindering him from filing documents because they have put onerous restrictions on his legal loans, and he asks for recruitment of counsel because of these restrictions and because he believes he will be unable to litigate this case.

I will deny Gilbert's motion for recruitment of counsel because Washington does not join him in it, and because neither plaintiff should need assistance from counsel to choose which of these lawsuits to pursue. Also, Gilbert has been able to file documents in this and his other recent cases in this court, so I am not convinced that there is any reason to consider

---

particular defendant together in the same lawsuit. But given plaintiffs' failure to identify most of the defendants whom they wish to sue and the extremely wide scope of their claims, it seems unlikely that they would be able to join any of the four lawsuits mentioned above together. Plaintiffs remain free to ask the court to join them together, but they would need to show that the same defendants are responsible for violating their rights in each lawsuit.

taking the relatively drastic step of ordering Sand Ridge officials to provide plaintiffs with legal supplies. These issues can be revisited as the case proceeds, but plaintiffs will need to explain in more detail why they need counsel and how facility officials are blocking their efforts to litigate the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Jerred Washington may have until May 26, 2017, to submit a six-month trust fund account statement or explain why he is unable to do so.

2. Plaintiffs may have until May 26, 2017 to explain which of the above-numbered lawsuits they wish to pursue under this case number, and whether they wish to pursue any of the remaining lawsuits under new case numbers.

3. Plaintiff Carl Gilbert's motions for legal supplies, Dkt. 2, and for recruitment of counsel, Dkt. 6, are DENIED without prejudice.

Entered May 8, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge